IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROYL GARAGE, LLC and COURTNEY HANSEN,<br><br>    Plaintiffs,<br><br>v.<br><br>MIGHTY OAK FINANCIAL LLC, MARCUS WHITESIDES, and CRAIG THOMAS,<br><br>    Defendants. | Civil Action No.<br>1:23-cv-01581-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' motion to dismiss [ECF 16] Counts III and IV of Defendants' Counterclaim. Plaintiffs' motion is **GRANTED**.

**I.    Background**

The following well-pleaded counterclaim facts are treated as true for purposes of this Order.[1] On April 14, 2021, pursuant to a promissory note, Defendants loaned Plaintiffs $150,000 (Note 1).[2] Note 1 was secured by four classic cars and had a maturity date of July 13, 2021.[3] On May 4, 2021, the parties executed

---

[1] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

[2] ECF 13, ¶ 97; ECF 13-2, at 7–15.

[3] ECF 13, ¶ 98; ECF 13-2, at 7 ¶ 2 & 9 ¶ 14. Plaintiffs executed bills of sale for the vehicles, transferring title to Defendants. ECF 13, ¶ 139.

another promissory note in the amount of $150,000 (Note 2).[4] Note 2 was secured by two classic vehicles and had a maturity date of August 2, 2021.[5] Defendants allege that, due to a scrivener's error, both Notes incorrectly state that interest accrues at the rate of 10% per day rather than 10% per annum.[6]

According to Defendants, Plaintiffs did not repay the Notes on their maturity dates.[7] On October 21, 2022, Plaintiffs sent Defendants a notarized letter that acknowledges Defendants were owed $360,000 ($300,000 in principal and $60,000 in interest).[8] The letter also purports to memorialize an agreement that Defendants would return five of the six cars and car titles they were holding as collateral once Defendants received repayment of the principal on the Notes, and return the sixth car and title after receipt of the interest.[9] Despite the promises in the letter, Defendants contend that they have never received any payment.[10]

---

[4]  ECF 13, ¶ 106; ECF 13-2, at 2–5. Although Defendants allege the value of Note 2 was $150,000, there are two versions of the first page of that note, one of which has a face value of $160,000. *Compare* ECF 13-2, at 2 (showing $160,000) with *id.* at 3 (showing $150,000).

[5]  ECF 13, ¶ 107; ECF 13-2, at 2 ¶¶ 3, 6. Plaintiffs executed bills of sale for the vehicles, transferring title to Defendants. ECF 13, ¶ 139.

[6]  ECF 13, ¶¶ 100–01, 109–10; ECF 13-2, at 2 ¶ 1 & 7 ¶ 1.

[7]  ECF 13, ¶ 113.

[8]  ECF 13-3, at 2.

[9]  *Id.*

[10]  ECF 13, ¶ 117.

On July 31, 2023, Defendants filed their Counterclaim, asserting five causes of action: (1) breach of contract based on the Notes; (2) breach of contract based on the bills of sale; (3) fraud; (4) unjust enrichment; and (5) attorneys' fees under O.C.G.A. § 13-6-11.[11] On August 21, 2023, Plaintiffs moved to dismiss Counts III (fraud) and IV (unjust enrichment).[12]

## II.   Applicable Legal Standard

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[13] "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187–88 (11th Cir. 2002). A complaint is plausible on its face when the pleader alleges sufficient factual content for the court to draw the reasonable inference that the opposing party is liable for the conduct alleged. *Am. Dental Ass'n*, 605 F.3d at 1289 (citing *Twombly*, 550 U.S. at 556).

---

[11]   *Id.* ¶¶ 120–73.

[12]   ECF 16.

[13]   Federal law governs the pleading standards in federal court. *See, e.g.*, Fed. R. Civ. P. 1. Defendants' reliance on Georgia's Civil Practice Act for the pleading standard is misplaced. *See, e.g.*, ECF 19, at 4–7.

3

### III. Discussion

#### A. Count III (Fraud)

Plaintiffs argue that Count III fails to state a claim because Defendants did not allege fraud with particularity and failed to allege necessary elements of a fraud claim.[14] Plaintiffs also argue that Defendants cannot convert their breach of contract claim into one for tort.[15] The Court concludes that Defendants have failed to state a fraud claim for more fundamental reasons.

It is not clear whether Defendants' fraud counterclaim is based on fraudulent inducement to enter into the Notes in the first place or on Plaintiffs' allegedly false assurances to repay the amounts they owed under the Notes after having failed to repay them by their maturity dates.[16] Either way, the fraud claim cannot stand as pleaded.

---

[14] ECF 16, at 5–7.

[15] *Id.* at 7–8.

[16] *Compare* ECF 13, ¶ 152 ("Plaintiffs made certain promises and representations to Defendants that Plaintiffs would comply with the terms of each Promissory Note . . . .") & ¶ 159 ("Plaintiffs' purpose was to fraudulently induce Defendants to loan certain amounts to Plaintiffs.") *with* ¶ 150 ("Plaintiffs intentionally misrepresented to Defendants [in the notarized letter] that they would submit payment for the principal amount of $300,000.00 by December 5, 2022, plus $60,000.00 for interest fees accrued by December 5, 2022.").

### 1. Fraudulent Inducement

If Defendants are attempting to state a claim that Plaintiffs fraudulently induced them into issuing the Notes, Defendants have failed to do so. They have not alleged that they attempted to rescind the Notes. "In general, a party alleging fraudulent inducement to enter a contract has two options: (1) affirm the contract and sue for damages from the fraud or breach; or (2) promptly rescind the contract and sue in tort for fraud." *Weinstock v. Novare Grp., Inc.*, 309 Ga. App. 351, 354 (2011) (citing *Ekeledo v. Amporful*, 281 Ga. 817, 819 (2007)). "An announcement of the intent to rescind the contract must be made in a timely fashion, as soon as the facts supporting the claim for rescission are discovered." *Holloman v. D.R. Horton*, 241 Ga. App. 141, 146–47 (1999) ("The original complaint, by affirming the contract and seeking damages resulting from the alleged fraud without alleging any cause of action for rescission, constituted an election of remedies and a waiver of any rescission claim."). There are no allegations that Defendants rescinded the Notes.

Moreover, Georgia courts have "generally found that a claim for damages unaccompanied by a claim for rescission operates as an election to affirm the underlying contract." *Weinstock*, 309 Ga. App. 354. Defendants have not asserted a

5

claim for rescission. But they did sue for breach of contract. So, they cannot base a fraud claim—even in the alternative—on fraudulent inducement.[17]

### 2. False Promises to Pay the Notes

If Defendants' fraud claim is based on Plaintiffs' post-Note-execution promises to pay the amounts due, the claim still fails. Under Georgia law, a "mere failure to perform promises made"—such as a failure to pay on a promissory note—does not constitute fraud unless the promise was made with the then-present intent not to perform. *Vernon v. Assurance Forensic Acct., LLC*, 333 Ga. App. 377, 390 (2015) (citing *Jonas v. Jonas,* 280 Ga. App. 155, 159–60 (2006)). Something (beyond the mere failure to perform) "must support a finding that the promise was made with a present intent not to perform." *Id.* (quoting citing *Jonas,* 280 Ga. App. at 159–60); *see also Moore v. Humble*, 368 Ga. App. 672, 676 (2023) ("Actionable fraud . . . does not result from a mere failure to perform promises made. Otherwise any breach of a contract would amount to fraud.").

Defendants have not alleged any facts from which a plausible inference could be drawn that Plaintiffs did not intend to pay the Notes when they entered into those agreements. In fact, the bills of sale, which secured the Notes by transferring title of the vehicles to Defendants, were executed over a period of

---

[17] Defendants suggest that they asserted their fraud claim in the alternative, but present no argument in that regard. ECF 19, at 4–10.

6

months *after* the Notes themselves.[18] Rather than demonstrating an intent at the time of contracting to never pay the Notes, the bills of sale suggest Plaintiffs intended to make good on their promises.

### B.     Count IV (Unjust Enrichment)

Unjust enrichment is "an equitable principle that may be applied when there is no valid written contract between the parties." *Collins v. Athens Orthopedic Clinic*, 356 Ga. App. 776, 778 (2020) (citation omitted). Plaintiffs argue that Defendants' unjust enrichment claim must be dismissed because it is based on the same facts as the breach of contract claims.[19] Defendants respond that they are permitted to plead inconsistent theories of recovery.[20] Because neither side appears to contest the basic validity of the Notes, Defendants cannot plead in the alternative.

A party cannot recover under both a breach of contract and unjust enrichment theory, but a pleader may sometimes be able to plead these claims in the alternative. *Clark v. Aaron's, Inc.*, 914 F. Supp. 2d 1301, 1309 (N.D. Ga. 2012). When one side disputes the existence of a contract governing the dispute, the other side may plead an unjust enrichment claim in the alternative. *Goldstein v. Home Depot U.S.A., Inc.*, 609 F. Supp. 2d 1340, 1347 (N.D. Ga. 2009). *Compare Am. Casual*

---

[18]   ECF 13-1.

[19]   ECF 16, at 8–10.

[20]   ECF 19, at 11–13.

*Dining, L.P. v. Moe's Sw. Grill, L.L.C.*, 426 F. Supp. 2d 1356, 1371 (N.D. Ga. 2006) ("When neither side disputes the existence of a valid contract, the doctrine of promissory estoppel does not apply, even when it is asserted in the alternative.").

Here, the parties do not contest the validity of the Notes.[21] Nor would the interest provisions that Defendants assert were due to a scrivener's error invalidate the Notes in their entirety.[22] *Douglas v. Bigley*, 278 Ga. App. 117, 124 (2006) ("[A]n allegedly usurious interest rate does not void an entire contract. Although a lender cannot recover the usurious interest, it may still recover the principal."). Moreover, Defendants incorporated the allegations of their breach of contract claims into their unjust enrichment cause of action.[23] Such shotgun pleading has consequences. Courts have held that a party cannot plead unjust enrichment in the alternative where—like Defendants here—they expressly incorporated by reference allegations of an express contract. *Goldstein v. Home*

---

[21]  ECF 1, ¶ 26 ("Plaintiffs remain ready, willing, and able to repay Defendants their $300,000 in principal offset by the amount of Plaintiffs' damages due to Defendants' conduct as alleged herein and to be proven at trial. Defendants have been unwilling to accept this repayment or to tender the Property to Plaintiffs."); ECF 13, Counterclaim Count I (asserting breach of contract based on Plaintiffs' failure to repay the Notes).

[22]  Both parties intended for each Note to contain an interest rate of ten percent per annum, but both Notes attached an interest rate of ten percent per *day*. ECF 13, ¶¶ 118–19; ECF 1, ¶¶ 17–19.

[23]  ECF 13, ¶ 148.

*Depot U.S.A., Inc.*, 609 F. Supp. 2d 1340, 1347 (N.D. Ga. 2009) (dismissing an unjust enrichment claim where plaintiff incorporated his allegation that the parties entered into a contract into his claim for unjust enrichment). Defendants have incorporated into their unjust enrichment claim the express allegations that Plaintiffs entered into two valid contracts, both of which require Plaintiffs to pay back principal and interest or forfeit their collateral.[24] As a matter of law then, Defendants cannot assert an alternative unjust enrichment claim.

**IV.  Conclusion**

Plaintiffs' motion to dismiss [ECF 16] Counts III and IV of Defendants' Counterclaim is **GRANTED**.

**SO ORDERED** this 31st day of March, 2024.

Steven D. Grimberg
United States District Judge

---

[24]  *See generally* ECF 13, Counterclaim.